FILED - GR
July 13, 2026 3:42 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY:ARR  SCANNED BY: _AR_ / _7.13_

S.I.R.P.R.

*Federal Civil Rights Action – Pro Se*

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

SUSAN MARTIN,

Case No. 1:26-cv

**1:26-cv-2064**
Robert J. Jonker
U.S. District Judge

*Pro Se Plaintiff,*

*Hon:* _____

v.

**LILLIAN HENNESS; KMG PRESTIGE, INC.; SPRINGVIEW TOWER (SVT) ASSOCIATES LDHA; GINOSKO DEVELOPMENT COMPANY; AMIN IRVING; MATTHEW BERGEON; SCOTT TURNER (official capacity, U.S. Secretary of HUD); SUSAN CORBIN (official capacity, Director of LEO); ANDREW F. SASS; ANN E. FILKINS (official capacity, Clerk of Court); MACKALI (MECHIYA) MALIK HAMPTON; Officer EMILY TUYLS; Officer JESSICA ELSAIDI; SHANNON BAGLEY (Battle Creek Police Chief); STEVEN K. GANN; HON. PAUL L. MALONEY (in his individual and official capacities as United States District Judge for the Western District of Michigan);**

*Defendants.*

## PLAINTIFF'S COMPLAINT AND CLAIMS FOR DECLARATORY AND INJUNCTIVE RELIEF, DAMAGES, AND ATTORNEY FEES UNDER 42 U.S.C. § 1983, THE VIOLENCE AGAINST WOMEN ACT (VAWA), THE FAIR HOUSING ACT, AND STATE LAW TORT CLAIMS

### (JURY TRIAL DEMANDED)

## I. PARTIES

1. Plaintiff Susan Martin is an elderly disabled survivor of human trafficking who was placed in an apartment complex with guarantees that she would receive vouchers for her rent and she did not receive them. Plaintiff's only source of funds is her social security benefit. The manager of the complex has refused the payments and has refused to turn over the ledger of payments and the full content of the file on Susan Martin. Plaintiff resides at 231 Springview Drive, Apartment #911, Battle Creek, Michigan 49037. Plaintiff brings this action pro se but has granted a Durable Power of Attorney to Ervin Joseph LaMie pursuant to MCL 556.201 et seq. specifically for the purposes of contacting, communicating with, and settling issues related to her rental of the apartment in the building complex, including demands for payment ledgers, tenant files, and proper application of rent assistance or vouchers, as well as for the investigation of the lease agreement, forensic audit of financial transactions, and addressing violations including wire fraud, fraud by mail, and unlawful access to her bank account.

*Federal Civil Rights Action – Pro Se*

2. **2. Defendant Lillian Henness** is the Community Manager of Springview Tower, 231 Springview Drive, Battle Creek, MI 49037. She is sued in her individual and official capacities for refusing payments, refusing to turn over ledgers and files to Plaintiff or her POA, and participating in retaliatory actions.

3. **Defendant KMG Prestige, Inc.** is the management company (19500 Victor Parkway, Ste 520, Livonia, MI 48152) for the property. Sued for policies on tenant files, payments, vouchers, and retaliation.

4. **Defendant Springview Tower (SVT) Associates LDHA** owns/operates the property at 231 Springview Drive, Battle Creek, MI 49037, c/o Property Manager.

5. **Defendant Ginosko Development Company** (41800 West 11 Mile Road, Ste. 209, Novi, MI 48375) and

6. **Defendant Amin Irving** (c/o Ginosko) are sued for their roles in property operations and policies affecting Plaintiff's housing rights.

7. **Defendant Matthew Bergeon** (c/o LEO/MSHDA, 735 E. Michigan Ave., Lansing, MI 48912) is sued in official capacity.

8. **Defendant Scott Turner** (U.S. Secretary of HUD, c/o U.S. Attorney Timothy VerHey, 330 Ionia Ave. NW Ste 501, Grand Rapids, MI 49503) is sued in official capacity.

9. **Defendant Susan Corbin** (Director of LEO, 105 W. Allegan St., Lansing, MI 48933) is sued in official capacity.

10. **Defendant Andrew F. Sass** is an attorney with Legal Services of South Central Michigan (LSSCM), 123 West Territorial Rd, Battle Creek, MI 49015 (Michigan BAR #P35453 and #P39737). He is sued in his individual capacity. Sass does not represent Plaintiff Susan Martin. Nevertheless, he contacted the attorney for KMG (the management company) and directed Martin that she had to sign the documents when in fact she did not have to. In his email communications, he stated that they (management) did not have to communicate with the POA. These actions constitute interference with Plaintiff's lawful POA, provision of false and adverse legal advice, and coordination with adverse parties against her interests. Additionally, Sass is associated with the improper use of a second P number (bar number P35453) that is also linked to a deceased individual (the estate of Leon M. Schurgin, deceased 09/29/24), which is an unlawful practice under Michigan bar rules and constitutes fraud on the court or improper use of attorney credentials.

11. **Defendant Ann E. Filkins** (Clerk, 399 Federal Bldg, 110 Michigan St. NW, Grand Rapids, MI 49503) is sued in official capacity for processing and exposure of confidential information and delays in service.

12. **Defendant Mackali (Mechiya) Malik Hampton** (231 Springview Drive, Battle Creek, MI 49037) is sued for involvement in management actions affecting tenancy and POA interactions.

13. **Defendant Officer Emily Tuyls and**

14. **Defendant Officer Jessica Elsaidi** (c/o Battle Creek Police Department, 10 N. Division Street, Battle Creek, MI 49014) are sued for the invasive wellness check that unlocked Plaintiff's door and breached her barricade without proper identification or exigent circumstances:

**<u>Particularized Allegations Against Defendants Emily Tuyls and Jessica Elsaidi</u>**

*Federal Civil Rights Action – Pro Se*

15. **On or about April 3, 2026, at approximately 1:24 p.m., Defendants Emily Tuyls and Jessica Elsaidi, officers of the Battle Creek Police Department, acting under color of state law and pursuant to department policies and customs, responded to a false report from Defendant Lillian Henness and/or Defendant Mackali (Mechiya) Malik Hampton that Plaintiff Susan Martin was missing and possibly in distress at her apartment located at 231 Springview Drive, Apartment #911, Battle Creek, Michigan 49037.**

16. At the time these officers were dispatched and arrived at Plaintiff's apartment, Defendants knew or should have known the following material facts:

17. (a) Plaintiff was a documented survivor of human trafficking and a vulnerable tenant living alone in the building;

18. (b) Plaintiff had filed a federal civil rights complaint earlier that same day (approximately 2 hours prior to the officers' arrival), which had already been scanned into the court's electronic system;

19. (c) Management (Defendants Henness and Hampton) had signed for Plaintiff's certified mail rent payment the previous day and therefore knew Plaintiff was alive and current on her rent obligations;

20. (d) Plaintiff's key fob records showed she had entered the building that day approximately 23 minutes before these officers arrived; and

21. (e) There were no credible reports of violence, forced entry, or immediate danger to Plaintiff from any independent source.

22. **Despite possessing this knowledge, Defendants Tuyls and Elsaidi, without first attempting to contact Plaintiff by telephone, without announcing their presence in a manner audible to Plaintiff, without obtaining a warrant, and without any exigent circumstances justifying immediate forced entry, used a key or other means provided by management to unlock Plaintiff's apartment door and physically breached the barricade Plaintiff had placed for her safety as a trafficking survivor. This forced entry was conducted without proper identification visible to Plaintiff and without following established department protocols for wellness checks involving vulnerable tenants.**

23. As a direct and proximate result of Defendants Tuyls' and Elsaidi's conduct, Plaintiff, a known trafficking survivor living alone, was subjected to severe terror, emotional distress, and a violation of her reasonable expectation of privacy, security and peace in her home. Body camera footage from the incident later captured Defendant Lillian Henness stating words to the effect of "Oh good! She's alive!" after the forced entry had already occurred, demonstrating that management knew Plaintiff was alive and safe prior to and during the officers' actions.

24. Defendants Tuyls' and Elsaidi's actions constituted an unreasonable search and seizure in violation of the Fourth Amendment to the United States Constitution, made applicable to the states through the Fourteenth Amendment, and were undertaken pursuant to policies, customs, and practices of the Battle Creek Police Department that failed to adequately train or supervise officers on proper procedures for wellness checks and forced entries involving vulnerable tenants and potentially false reports from interested third parties (such as property management with a motive to retaliate against Plaintiff for filing federal litigation).

*Federal Civil Rights Action – Pro Se*

25. These actions also constitute trespass, invasion of privacy, and intentional infliction of emotional distress under Michigan state law, and support claims for conspiracy and retaliation under 42 U.S.C. §§ 1983 and 1985.

26. **Defendant Shannon Bagley** (Battle Creek Police Chief) is sued for department policies, supervision, and handling of related FOIA and wellness check matters:

## Particularized Allegations Against Defendant Shannon Bagley (Battle Creek Police Chief)

27. **Defendant Shannon Bagley, at all relevant times the Chief of the Battle Creek Police Department, is sued in his individual and official capacities. As Chief, Defendant Bagley was responsible for establishing, implementing, and supervising the policies, customs, practices, training, and supervision of officers within the Battle Creek Police Department, including Defendants Tuyls and Elsaidi.**

28. Defendant Bagley knew or should have known of the following material facts and risks:

29. (a) That property management companies and landlords have a financial and legal incentive to remove tenants who assert their rights or file complaints against them;

30. (b) That false or exaggerated "wellness check" or "missing person" reports are sometimes used by third parties as a pretext to gain police assistance in gaining entry to a tenant's home without a warrant or proper legal process;

31. (c) That Plaintiff was a documented trafficking survivor living alone in the building and was therefore particularly vulnerable to severe emotional harm from an invasive forced entry; and

32. (d) That proper protocols required officers to attempt non-forcible contact (telephone, knocking with announcement) and to exercise heightened caution before breaching a barricaded door of a vulnerable tenant based solely on a report from management.

33. Despite this knowledge, Defendant Bagley failed to establish, implement, or enforce adequate policies, training, or supervision to prevent officers from participating in potentially retaliatory or pretextual forced entries based on reports from interested third parties such as property management. Defendant Bagley's failure to act constituted deliberate indifference to the constitutional rights of vulnerable tenants, including Plaintiff, and was a moving force behind the constitutional violations committed by Defendants Tuyls and Elsaidi on April 3, 2026.

34. Defendant Bagley's conduct and the policies/customs he maintained or failed to correct violated Plaintiff's rights under the Fourth and Fourteenth Amendments and support liability under 42 U.S.C. § 1983 (Monell and supervisory liability), as well as state law claims for negligence and intentional infliction of emotional distress.

35. The April 3, 2026 incident was not an isolated event but occurred in the context of a broader pattern of retaliation against Plaintiff for asserting her federal rights, including the filing of her federal complaint earlier that same day.

36. **Defendant Hon. Paul L. Maloney** is the United States District Judge who presided over Plaintiff's prior related federal action (Case No. 1:26-cv-01104-PLM-SJB). He is sued in his

*Federal Civil Rights Action – Pro Se*

individual and official capacities. His address for service is the United States District Court for the Western District of Michigan, 399 Federal Building, 110 Michigan St. NW, Grand Rapids, MI 49503. Defendant Maloney is named pursuant to 42 U.S.C. § 1983 for actions that violated Plaintiff's constitutional rights under the Fifth and Fourteenth Amendments (due process and equal protection), constituted obstruction of justice, and demonstrated absolute bias against Plaintiff and her Power of Attorney Ervin Joseph LaMie. Judge Maloney is sued in his individual and official capacity for issuing orders that exhibit bias against Plaintiff due to her use of a Power of Attorney (explicitly authorized by Michigan statute and noted on the Judicial Conference-approved Civil Cover Sheet "For Office Use Only"), including the April 6, 2026 Order denying the TRO and expressing "concerns regarding the unauthorized practice of law by Mr. Ervin Joseph LaMie." Despite the IFP Order providing for U.S. Marshal service at no cost to Plaintiff, the case has not been processed for service for nearly three months, denying Plaintiff due process and access to justice. These actions have allowed retaliatory state proceedings to advance and have chilled Plaintiff's rights. As the assigned judge with supervisory influence over case processing, he bears responsibility for the ongoing harm. Judge Maloney has a duty to pursue truth and justice in a case and is deemed to know the law. He has gone out of his jurisdiction to deny the Plaintiff due process and the open use of her POA by law without bias by any judge.

37. **Defendant Steven K. Gann** (Attorney for KMG Prestige, Inc. and Springview Tower Associates LDHA; Michigan Bar #P35453 and #P78219) is sued in his individual capacity. Gann sent Plaintiff the July 1, 2026 93-page packet containing forged signatures on back-dated addendums and a false Key Receipt Agreement. He included Plaintiff's VAWA confidential information (abuser name and 1988 whistleblower status) on page 35 of that packet, violating 34 U.S.C. § 12242. Notably, Bar number P35453 is identical to the number associated with Defendant Andrew F. Sass and the late Leon M. Schurgin (deceased). This duplication raises serious concerns regarding bar status verification, potential identity issues, unauthorized practice of law, or other irregularities. Gann's conduct constitutes fraud, forgery, and violation of VAWA confidentiality, and forms part of the broader pattern of unlawful attorney practices and fraud on the court.

## II. JURISDICTION AND VENUE

38. This Court has original federal question jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(3)(4) because this action arises under the Constitution and laws of the United States, including 42 U.S.C. § 1983, VAWA (34 U.S.C. §§ 12291, 12242, 12491), the Fair Housing Act (42 U.S.C. § 3601 et seq. and § 3613), and the Fifth and Fourteenth Amendments.

39. Supplemental jurisdiction exists over state claims under 28 U.S.C. § 1367.

40. Venue is proper in this District under 28 U.S.C. § 1391(b) as a substantial part of the events occurred here (Calhoun County/Battle Creek).

## III. STATEMENT OF FACTS

41. **A. Plaintiff's Status as Trafficking Survivor and Housing Placement with Voucher Guarantees**

42. Plaintiff Susan Martin is an elderly disabled survivor of human trafficking. She was placed in the Springview Tower apartment complex in Battle Creek, Michigan, with explicit guarantees that she would receive vouchers for her rent under the Violence Against Women

*Federal Civil Rights Action – Pro Se*

Act (VAWA) housing protections. These guarantees were central to her placement as a trafficking survivor. Despite the guarantees, Plaintiff has not received the promised VAWA vouchers or proper rental assistance. The manager of the complex and associated defendants have refused payments tendered, refused to turn over the ledger of payments, and refused to provide the full content of Plaintiff's tenant file to Plaintiff or her authorized representative. This conduct constitutes VAWA housing voucher fraud — promising VAWA-protected housing assistance to induce a vulnerable trafficking survivor to accept placement, then failing to provide the promised vouchers while engaging in forgery, unauthorized financial extraction, and retaliation.

43. **B. Power of Attorney for Rental Matters and Interference Therewith**

44. Plaintiff executed a Durable Power of Attorney granting Ervin Joseph LaMie authority for contacting, communicating with, and settling issues related to her rental of the apartment in the building complex, pursuant to MCL 556.201 et seq. This POA was specifically intended to allow advocacy on her behalf regarding missing VAWA vouchers, payment ledgers, tenant files, and tenancy disputes, as well as for the investigation of the lease agreement, forensic audit of financial transactions, and addressing violations including wire fraud, fraud by mail, and unlawful access to her bank account.

45. **C. Retaliatory Eviction, VAWA Violations, and Invasive Police Action**

46. In retaliation for Plaintiff asserting her rights and filing her prior federal lawsuit, Defendants initiated bad-faith eviction proceedings in state court (June 2026), bypassing proper service with allegations of mail suppression. Defendants violated VAWA confidentiality by exposing Plaintiff's protected status and location in public records and PACER. Shortly after the federal filing and public exposure of her information, Battle Creek Police Officers Emily Tuyls and Jessica Elsaidi (under Chief Shannon Bagley) conducted an invasive "wellness check," unlocking Plaintiff's door and breaching her barricade without calling first or proper identification, causing severe terror to a trafficking survivor.

47. **D. Adverse Legal Advice, Coordination with Adverse Parties, and Unlawful Attorney Practices by Defendant Andrew F. Sass and Steven K. Gann**

48. Defendant Andrew F. Sass does not represent Plaintiff Susan Martin. Nevertheless, Sass contacted the attorney for KMG (the management company) and directed Martin that she had to sign the documents when in fact she did not have to. In his email communications to Plaintiff, Sass stated that they (management) did not have to communicate with the POA. These actions constitute direct interference with Plaintiff's lawful Power of Attorney, provision of false and harmful legal advice that pressured her into actions contrary to her rights and interests (including under VAWA protections for trafficking survivors in housing), and improper coordination or collusion with adverse parties (KMG's attorney) against Plaintiff.

49. Furthermore, Defendant Sass and Defendant Steven K. Gann have engaged in unlawful practices by using or being associated with bar number P35453, which is also linked to a deceased individual (the estate of Leon M. Schurgin, deceased September 29, 2024). This practice of using or sharing a second bar number connected to a deceased attorney is unlawful under Michigan bar rules and regulations governing the practice of law. It constitutes improper or fraudulent use of attorney credentials, creates confusion and false

*Federal Civil Rights Action – Pro Se*

authority in legal communications and court processes, and amounts to unlawful practice of law or fraud on the court.

50. Defendant Steven K. Gann (Attorney for KMG Prestige and Springview Tower) sent Plaintiff the July 1, 2026 93-page packet containing forged signatures on back-dated addendums and a false Key Receipt Agreement. He included Plaintiff's VAWA confidential information (abuser name and 1988 whistleblower status) on page 35 of that packet, violating 34 U.S.C. § 12242 and 34 U.S.C. § 12491(c)(4). Gann's conduct constitutes fraud, forgery, and violation of VAWA confidentiality, and forms part of the broader pattern of unlawful attorney practices and fraud on the court.

51. **F. Judicial Bias, Obstruction of Justice, and Equal Protection Violations by Defendant Hon. Paul L. Maloney**

52. Plaintiff's prior related federal action (Case No. 1:26-cv-01104-PLM-SJB) was filed on or about April 3, 2026. Defendant Hon. Paul L. Maloney presided. On or about April 6, 2026, Maloney issued an Order denying Plaintiff's request for a Temporary Restraining Order. In that Order, Maloney raised and addressed concerns regarding the "unauthorized practice of law by Mr. Ervin Joseph LaMie," citing the inclusion of the POA name on the Civil Cover Sheet. Maloney upheld or addressed the issuance of summons and complaints to the federal Marshals for service on defendants but has failed to ensure that service was actually effected.

53. As of July 8, 2026 — more than three months after filing and despite entry of an In Forma Pauperis Order on April 7, 2026 stating that Marshal service would be at government expense — the summons and complaints have still not been issued or served by the U.S. Marshal Service. This prolonged delay in administrative processing and service has obstructed Plaintiff's access to justice, prevented timely adjudication of her claims, and caused ongoing irreparable harm to her housing stability and safety as a trafficking survivor.

54. Defendant Maloney has demonstrated absolute bias against Ervin Joseph LaMie (Plaintiff's POA) and has extended that bias to Plaintiff Susan Martin. By obstructing the proper and timely processing of her case on the administrative side, thwarting her rights to have an individual with a Power of Attorney assist her in communications and settling rental/housing issues, and treating her differently as a pro se litigant who lawfully utilized a POA, Maloney has violated Plaintiff's rights to due process and equal protection under the Fifth and Fourteenth Amendments to the United States Constitution. This conduct also constitutes obstruction of justice and violates the requirement of "good behavior" for federal judges under Article III and applicable federal rules and laws.

## IV. CAUSES OF ACTION

55. **COUNT I – VIOLATION OF 42 U.S.C. § 1983 (DUE PROCESS, EQUAL PROTECTION, FIRST AMENDMENT RETALIATION, JUDICIAL/ADMINISTRATIVE OBSTRUCTION, AND UNLAWFUL ATTORNEY PRACTICES)**

56. Plaintiff re-alleges and incorporates by reference all prior paragraphs. All Defendants, acting under color of state or federal law, deprived Plaintiff of rights secured by the Constitution and laws of the United States, including due process, equal protection, First Amendment rights to petition without retaliation, freedom from obstruction of justice, and protection from

*Federal Civil Rights Action – Pro Se*

unlawful attorney practices (including the bar number duplication and forgery issues involving Gann and Sass).

57. **COUNT II – VIOLATION OF VAWA HOUSING PROTECTIONS, CONFIDENTIALITY, AND VAWA HOUSING VOUCHER FRAUD (34 U.S.C. §§ 12291, 12242, 12491)**

58. Defendants violated the Violence Against Women Act housing protections for victims of domestic violence, dating violence, sexual assault, and stalking, including trafficking survivors, under 34 U.S.C. § 12491 (housing protections for victims), 34 U.S.C. § 12291(b)(2) (nondisclosure of confidential or private information), and 34 U.S.C. § 12242 (VAWA confidentiality provisions). Specifically:

59. (a) Defendants promised VAWA housing vouchers and rent assistance to Plaintiff, a qualified trafficking survivor, to induce her to accept placement at Springview Tower, then failed to provide the promised vouchers or assistance. This constitutes VAWA housing voucher fraud and violates 34 U.S.C. § 12491's prohibition on denial of assistance or tenancy on the basis of VAWA status.

60. (b) Defendant Steven K. Gann disclosed Plaintiff's VAWA confidential information (including abuser name and 1988 whistleblower status) on page 35 of the July 1, 2026 packet, in violation of 34 U.S.C. § 12242 and 34 U.S.C. § 12491(c)(4) (confidentiality requirements for covered housing providers).

61. (c) Defendants refused to honor VAWA voucher guarantees, refused to produce ledgers and files for forensic audit by Plaintiff's POA, and engaged in forgery and retaliation, all in violation of Plaintiff's rights under 34 U.S.C. § 12491.

62. These violations are enforceable through 42 U.S.C. § 1983 and directly under VAWA's housing provisions. Plaintiff is entitled to declaratory and injunctive relief, damages, and such other relief as the Court deems just.

63. **COUNT III – VIOLATION OF THE FAIR HOUSING ACT (42 U.S.C. § 3601 et seq. and § 3613)**

64. Defendants discriminated and retaliated against Plaintiff (a person aggrieved under § 3613) by interfering with housing, failing to honor VAWA voucher guarantees, refusing ledger/file transparency (including to her POA), and pursuing bad-faith eviction.

65. **COUNT IV – CONSPIRACY TO DEPRIVE CIVIL RIGHTS (42 U.S.C. §§ 1985, 1986)**

66. Defendants conspired or failed to prevent a conspiracy to deprive Plaintiff of civil rights through coordinated retaliatory actions, including those involving court processing, POA interference, false legal advice, unlawful bar number practices by Gann and Sass, and fraud on the court.

67. **COUNT V – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (STATE LAW)**

68. Defendants' extreme and outrageous conduct — including VAWA housing voucher fraud, voucher/ledger/file refusals, POA interference, bad-faith eviction, invasive police entry, adverse and false legal advice, unlawful bar number practices by Gann and Sass, and Defendant Maloney's biased obstruction and delay — intentionally or recklessly caused Plaintiff severe emotional distress.

*Federal Civil Rights Action – Pro Se*

69. **COUNT VI – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS / NEGLIGENCE (STATE LAW)**

70. Defendants breached duties of care in housing management, VAWA compliance, confidentiality, police interactions, legal advice, court processing/service, and lawful use of bar credentials (including the P number duplication issues involving Gann and Sass), proximately causing foreseeable severe emotional distress and other harms.

71. **COUNT VII – TRESPASS / UNLAWFUL ENTRY AND INVASION OF PRIVACY (STATE LAW)**

72. The actions of Defendants Tuyls, Elsaidi, and Bagley in entering Plaintiff's locked apartment and breaching her barricade without exigent circumstances or proper procedure constituted trespass and unreasonable invasion of privacy, especially egregious for a trafficking survivor.

73. **COUNT VIII – DAILY DAMAGES FOR ONGOING VIOLATIONS**

74. All Defendants (including Gann and Sass for their unlawful attorney practices and bar number issues) are liable for daily damages in the amount of $10,000.00 per day from the date of each violation continuing until the violations cease and full relief is granted, for undue mental stress, retaliation for filing the original complaint, unlawful access to financial account, unlawful blocking of due process of law, coercion of a trafficking victim, violation of VAWA confidentiality and housing protections (34 U.S.C. §§ 12291, 12242, 12491), fraud on the court, and related harms.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Susan Martin respectfully requests that this Honorable Court enter judgment in her favor and against all Defendants, jointly and severally (including Defendant Hon. Paul L. Maloney and Defendant Andrew F. Sass and Defendant Steven K. Gann for the unlawful attorney practices and bar number issues alleged), and grant:

75. A. Declaratory judgment that Defendants (including Maloney, Sass, and Gann) have violated Plaintiff's rights under the Constitution (5th/14th Amendments), 42 U.S.C. § 1983, VAWA (34 U.S.C. §§ 12291, 12242, 12491), the Fair Housing Act, and state law, and that the attorneys' use of bar numbers associated with deceased individuals is unlawful;

76. B. Injunctive relief, including but not limited to: (i) stay of any state eviction proceedings; (ii) order compelling production of complete payment ledger, tenant file, and records to Plaintiff and her POA; (iii) order requiring good-faith communication with Plaintiff's POA on all rental/voucher matters and honoring of VAWA voucher guarantees; (iv) order sealing/redacting Plaintiff's confidential VAWA information; (v) order directing prompt and proper processing/service in this and related matters free from bias or obstruction; (vi) order prohibiting the unlawful use of bar numbers associated with deceased attorneys by any defendant attorneys; and (vii) such other relief as the Court deems just to protect Plaintiff's housing, safety, and rights;

77. C. Compensatory damages for emotional distress, fear, housing instability, financial harms, and other injuries caused by all Defendants including Maloney's obstruction and bias and Sass's and Gann's false advice, POA interference, coordination with adverse parties, forgery, VAWA disclosure, and unlawful bar number practices;

*Federal Civil Rights Action – Pro Se*

78. D. Daily damages in the amount of $10,000.00 per day for each day of violation from the date of the original violation continuing until cured, for undue mental stress, retaliation for filing the original complaint, unlawful access to financial account, unlawful blocking of due process of law, coercion, VAWA violations (34 U.S.C. §§ 12291, 12242, 12491), fraud on the court, and all other harms established at trial;

79. E. Punitive damages sufficient to punish and deter willful, wanton, and reckless conduct, including the biased obstruction by Defendant Maloney and the unlawful attorney practices and bar number issues by Defendants Sass and Gann;

80. F. Costs of suit and such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMANDED

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

_____

**Susan Martin, Plaintiff Pro Se**
**"Confidential information that must be protected from public disclosure, this is not exempt"**
*{231 Springview Drive, Apt #911, Battle Creek, MI 49037}*

For Clerk of the Court use, for Correspondences with Power of Attorney to Ervin Joseph LaMie, Jr. for rental and settlement communications (MCL 556.201 et seq.) P.O. Box 191 Muskegon MI 49443 616-834-8912.

Date: July 13 2026

cc: All Defendants; Hon. Hala Y. Yarbou, Chief Judge; Hon. Jeffrey S. Sutton, Chief Judge, Sixth Circuit; Hon. Brett M. Kavanaugh, Circuit Justice for the Sixth Circuit.

---

## VERIFICATION

I, Susan Martin, declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information, and belief.

_____

**Susan Martin, Plaintiff Pro Se**
*Executed on: July 13, 2026*

Plaintiff herein certifies that a complete copy of this "Original Complaint" was mailed by certified mail on July _____, 2026 to: Hon. Todd Blanche, Acting U.S. Attorney General; U.S. Department of Justice; 950 Pennsylvania Ave. NW; Washington, DC 20530-0001; Chief Judge Hala Y. Jarbou; 138 Federal Bldg & US Post Office; 315 W Allegan St; Lansing, MI 48933; Hon. Jeffrey S. Sutton; Chief Judge, U.S. Court of Appeals for the Sixth Circuit; 85 Marconi Blvd., Room 260; Columbus, OH 43215; Justice Brett M. Kavanaugh; Supreme Court of the United States; 1 First Street, NE; Washington, DC 20543

*Federal Civil Rights Action – Pro Se*

## SERVICE ADDRESSES FOR DEFENDANTS

**Steven K. Gann**

3390 Pine Tree Rd., Ste.100 Lansing, MI 48911

**KMG Prestige, Inc.**

c/o Paul Spencer, Resident Agent 102 South Main Street Mount Pleasant, MI 48858

**Amin Irving / Ginosko Development Company**

41800 West 11 Mile Road, Suite 209 Novi, Michigan 48375 By serving Amin Irving, Founder, President, CEO, and managing officer

**Hon. Paul L. Maloney**

United States District Court for the Western District of Michigan 399 Federal Building, 110 Michigan St. NW Grand Rapids, MI 49503

**Andrew F. Sass**

c/o Legal Services of South Central Michigan (LSSCM) 123 West Territorial Rd Battle Creek, MI 49015

**Other Defendants**

Addresses as listed in the party descriptions above or as may be supplemented through discovery or LARA records.